IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE NEW MEXICO NATURAL RESOURCES
TRUSTEE AND NEW MEXICO OFFICE
OF NATURAL RESOURCES TRUSTEE

Plaintiffs,

        v.                                  Civil Action No. 1:20-CV-01338-KRS-SCY

FRONK OIL COMPANY, Inc.
a Texas Corporation

Defendants

## CONSENT DECREE

This Consent Decree is made and entered into by and among (i) the New Mexico Natural Resources Trustee and the New Mexico Office of Natural Resources Trustee (collectively "the Plaintiffs"), (ii) Fronk Oil Company, Inc., a Texas corporation ("Fronk Oil" or "Defendant").

WHEREAS, the Plaintiffs have filed a complaint in this action, asserting claims under Section 1002 of the federal Oil Pollution Act, as amended ("OPA"), 33 U.S.C. § 2702 et seq., and the New Mexico Natural Resources Trustee Act, N.M. Stat. Ann. Section 75-7-1 through -5 (1978). The complaint alleges that: (i) on December 27, 2016, a Fronk Oil tanker truck carrying petroleum products was involved in an accident approximately 5 miles east of Eagle Nest, New Mexico, causing a release of approximately 1,100 gallons of unleaded gasoline and diesel fuel into the Cimarron River located in the Colin Neblett Wildlife Management Area of the Cimarron Canyon State Park, (ii) the release resulted in injuries to, destruction of, loss of, and/or loss of use of natural resources belonging to, managed by, held in trust by, appertaining to, or otherwise

1

controlled by the State, (iii) Defendant is liable without limitation for natural resource damages for such injuries, destruction and losses, including Natural Resource Damage Assessment Costs, under OPA.

WHEREAS, Fronk Oil has conducted a cleanup of the spill pursuant to the New Mexico Water Quality Act, N.M. Stat. Ann. Sections 74-6-1 – 74-6-17 (1978) under the oversight of the New Mexico Environment Department (NMED) Surface Water Quality Bureau and in accordance with a Clean Water Act Section 404 Nationwide Permit Number 38 issued by the U.S. Army Corps of Engineers.  The clean-up effort involved the removal of contaminated soils and sediment and was closed by letter of the NMED dated December 4, 2017. (Exh. A).  The cost of the clean-up —$301,841.29 – was borne by Fronk Oil.

WHEREAS, the Parties have negotiated at arm's length in good faith and have agreed, based on recognized methods of estimating natural resource damages using reasonably conservative assumptions, that $150,000 represents fair and reasonable compensation for damages in this case, including primary and compensatory restoration.

WHEREAS, the Plaintiffs believe the settlement is adequate in the judgment of the Trustee to satisfy the goals of the OPA and is fair, reasonable, and in the public interest, with particular consideration of the adequacy of the settlement to restore, replace, rehabilitate, or acquire the equivalent of the injured natural resources and services.

WHEREAS, the Parties agree that settlement of this matter without further litigation is in the public interest and that the entry of this Consent Decree is the most appropriate means of resolving this action.

WHEREAS, the Plaintiffs intends to issue for public comment a Draft Restoration Plan for the Cimarron River December 2016 Oil Spill, as provided for under Title 15 C.F.R. §990.55, and will invite public comment on the draft plan,

WHEREAS, by entering into this Consent Decree, Defendant does not admit the allegations in the complaint filed in this action.

WHEREAS, pursuant to N.M. Stat. Ann. Section 75-7-3 (c) the attorney general shall provide legal counsel and representation to the natural resources trustee and the office of the natural resources trustee.

WHEREAS, the Parties agree, and by entering this Consent Decree the Court finds, that this Consent Decree: (1) has been negotiated by the Parties at arm's length, in good faith, (2) will avoid prolonged litigation among the Parties; and (3) is fair, reasonable, and furthers the objectives of the Oil Pollution Act;

THEREFORE, it is ORDERED, ADJUDGED, and DECREED as follows:

### I.   JURISDICTION

1. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 33 U.S.C. § 2717.  The Court also has personal jurisdiction over the Parties.  Solely for the purposes of this Consent Decree and the underlying Complaint, the Parties waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District.  The Parties shall not challenge this Court's jurisdiction to enter or enforce this Consent Decree.

## II. PARTIES BOUND

2. This Consent Decree binds the Plaintiffs and Fronk Oil Co., Inc. There are no third-party beneficiaries of this Consent Decree.

## III. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in OPA, or in regulations promulgated under OPA, shall have the meaning assigned to them therein. When terms listed below are used in this Consent Decree, the following definitions apply:

(a) "Consent Decree" shall mean this Consent Decree.

(b) "Covered Matters" shall mean Natural Resources Damages for any injury to any Natural Resource resulting in whole or in part from the release of oil (i.e., unleaded gasoline and diesel) from the Incident.

(c) "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

(d) "Effective Date" shall mean the effective date of this Consent Decree as provided by Paragraph 15.

(e) "Incident" shall mean the accident occurring on December 27, 2016 in which a Fronk Oil tanker truck released approximately 1,100 gallons of unleaded gasoline and diesel fuel into the Cimarron River approximately 5 miles east of Eagle Nest, New Mexico, and subsequent response, removal or abatement actions after December 27, 2016.

(f) "Natural Resources" shall have the meaning provided in OPA § 1001(20), 33 U.S.C. § 2701(20).

(g) "Natural Resource Damages" shall mean any damages recoverable by the Plaintiffs on behalf of the public for injury to, destruction of, loss or impairment of Natural Resources as set forth in OPA Section 1002(b)(2)(A), 33 U.S.C. § 2702(b)(2)(A), as a result of oil releases including but not limited to: (i) the costs of assessing such injury, destruction, loss of use, or impairment; (ii) the costs of restoration, rehabilitation, or replacement of injured or lost Natural Resources or of acquisition of equivalent resources; (iii) the costs of identifying, planning, implementing, and monitoring such restoration, rehabilitation, replacement or acquisition activities; (iv) compensation for injury, destruction, loss of use, or impairment of Natural Resources.

(h) "Parties" shall mean the Plaintiffs and Fronk Oil Co., Inc.

(i) "Plaintiffs" shall mean the New Mexico Natural Resource Trustee and New Mexico Office of Natural Resource Trustee

(j) "Restoration Plan" shall mean a Restoration Plan as provided in 15 C.F.R. § 990.55 which will describe how the settlement funds will be used to address natural resources, specifically what restoration, rehabilitation, replacement, or acquisition of the equivalent resources will occur.

## IV.   STATEMENT OF PURPOSE

4. The mutual objectives of the Parties in entering into this Consent Decree are to: (i) restore, replace, or acquire the equivalent of the Natural Resources injured, destroyed, or lost as a result of oil released into the Cimarron River; (ii) resolve Defendant's liability for Natural Resource Damages as provided herein; and (iii) avoid potentially costly and time-consuming litigation.

## V. PAYMENT BY DEFENDANT

5. Within 15 days after the Effective Date of this Consent Decree, Fronk Oil Co., Inc., shall pay the sum of $150,000 into the New Mexico Office of Natural Resources Trustee Fund. Payment to the Plaintiffs shall be in the form of an electronic funds transfer per instructions that the Plaintiffs shall provide to Fronk Oil no later than 3 days following the Effective Date.

6. If any payment by Fronk Oil required pursuant to Paragraph 5, above is not made in full within 15 days after the Effective Date of this Consent Decree, then interest on the unpaid balance of such payment shall be paid, and shall begin to accrue commencing on the 16th day after the Effective Date and continuing to accrue through the date payment is made in full. Interest shall accrue at the same rate as is specified for interest on investments of the Hazardous Substances Superfund established under subchapter A of Chapter 98 of Title 26 of the U.S. Code.

## VI. PLAINTIFFS' MANAGEMENT OF THE SETTLEMENT

7. All funds deposited to the Natural Resources Trustee Fund shall be used to pay for the costs of natural resource restoration activities sponsored by the Plaintiffs in accordance with this Consent Decree and applicable law. All such funds shall be used to plan and implement projects to restore, rehabilitate, replace and/or acquire the equivalent of injured Natural Resources as a result of the release of oil from the Incident, including but not limited to any administrative costs and expenses necessary for and incidental to restoration, rehabilitation, replacement, and/or acquisition of equivalent resources planning, and any restoration, rehabilitation, replacement, and/or acquisition of equivalent resources undertaken. The funds deposited to the Natural Resources Trustee Fund shall not be used for any other purposes.

## VII. RELEASE AND COVENANT NOT TO SUE

8. Effective upon the date of completion of the payments by the Fronk Oil that is required by Paragraph 5 above, the Plaintiffs hereby release, discharge, and covenant not to sue or take administrative action against Fronk Oil pursuant to OPA or any other federal or state statutory or common law for Covered Matters.

## VIII. REPRESENTATIONS AND WARRANTIES

9. Plaintiffs represent and warrant that the agreement embodied in this Consent Decree covers all claims and damages brought or which could have been brought by the Plaintiffs in this litigation. Plaintiffs further represent and warrant that they have conferred with other state agencies involved in the response to the Incident and, based on these conferrals, Plaintiffs are unaware of any anticipated legal actions by other agencies or instrumentalities of the State of New Mexico against the Defendant based on any cause of action, claim, demand, or controversy arising out of or relating to the claims and damages released in this Consent Decree.

## IX. RESERVATION OF RIGHTS BY THE PLAINTIFF

10. General Reservations of Rights. Notwithstanding any other provision of this Consent Decree, the Plaintiffs reserves, and this Consent Decree is without prejudice to, all rights against Defendant with respect to all matters other than those expressly specified in the covenants not to sue set forth in Paragraph 8, including without limitation the following:

    a. Claims based on a failure of Defendant to meet a requirement of this Consent Decree;

    b. Claims based on violations of State or Federal law that occur after the date of lodging of this Consent Decree.

## X.   EFFECT OF SETTLEMENT

11.   Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Incident against any person not a Party hereto.

## XI.   NOTICES AND SUBMISSIONS

12.   All notices and written communications pertaining to this Consent Decree shall be sent to the Parties at the addresses specified in this Paragraph.

As to the Plaintiffs:

Ralph Gruebel
Executive Director
Office of Natural Resources Trustee
121 Tijeras Avenue, NE, Suite 1000
Albuquerque, New Mexico 87102
(505) 313-1837

Bill Grantham
Assistant Attorney General
New Mexico Office of the Attorney General
201 3rd Street NW, Suite 300
Albuquerque, New Mexico 87102
(505) 717-3520
*Counsel to Plaintiffs*

As to Fronk Oil:

Keith Fronk
Fronk Oil Co., Inc.
P.O. Box F
14950 Hwy 23
Booker, Texas 79005

(806) 458 4545

Jerry D. Worsham II
Cavanagh Law Firm
1850 N. Central Ave. Ste. 2400
Phoenix, Arizona 85004
(602) 322-4040

## XII. DISPUTE RESOLUTION

13. In the event of any dispute regarding the Consent Decree arising after its final approval by the Court, the Parties shall attempt to resolve such dispute through negotiation, mediation, non-binding arbitration or any other form of alternative dispute resolution as may be agreed to by the Parties at the time the dispute arises.

14. In the event that the Parties fail to resolve a dispute pursuant to the preceding Paragraph within sixty (60) days or such longer period as the Parties may agree upon, any Party may seek to enforce such rights and remedies as may be available to such Party, including but not limited to petitioning the Court to interpret or enforce any term of this Consent Decree.

## XIII. EFFECTIVE DATE AND RETENTION OF JURISDICTION

15. The Effective Date of this Consent Decree shall be the date upon which it is entered by the Court as an order and final judgment.

16. This Court retains jurisdiction over both the subject matter of this Consent Decree and the Parties for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction and relief as may be necessary or appropriate to construe, modify, implement, terminate, reinstate or enforce compliance with the terms of this Consent Decree or for any further relief as the interest of justice may require.

## XIV.   INTEGRATION

17.     The Parties have completed the investigation of the facts concerning the Incident. This Consent Decree constitutes the final, complete and exclusive agreement and understanding between the Parties with respect to the settlement of claims embodied herein.  The Parties acknowledge that there are no representations, agreements or understandings between the Parties relating to the settlement between them other than those expressly contained in this Consent Decree.

## XV.   INADMISSIBILITY AND PRIVILEGE

18.     Other than in a proceeding to enforce the terms of this Consent Decree, nothing in this Consent Decree shall be admissible as evidence to prove liability for or invalidity of any claim or defense in this matter or the amount of any such claim.  No Party is making any admission of fact or law by entering into this Consent Decree.

19.     Nothing in this Consent Decree, nor any actions taken in accordance with this Consent Decree, shall be construed as a waiver of the attorney-client privilege, work-product immunity or any other privilege or immunity that has been or may be asserted in this or any other matter.

## XVI.   MODIFICATION

20.     This Consent Decree shall not be modified or amended except by mutual written consent of the Parties and Order of the Court.

21.     The provisions of this Consent Decree are not severable.  The Parties' consent hereto is conditioned upon entry of the Consent Decree in its entirety without modification, addition, or deletion except as agreed to by the Parties.

## XVII.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

22. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The Plaintiffs reserve the right to withdraw or withhold consent if comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. The Defendant consents to the entry of this Consent Decree without further notice. If for any reason the Court should decline to approve this Consent Decree in the form presented, or if approval and entry is subsequently vacated on appeal of such approval and entry, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVIII. SIGNATURES AND COUNTERPARTS

23. Each undersigned representative of a signatory to this Consent Decree certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such signatory to this document.  This Consent Decree may be executed in multiple counterparts, each one of which shall be deemed an original, but all of which constitute one and the same Consent Decree.

## XIX. FINAL JUDGMENT

24. The Court determines this settlement is adequate to satisfy the goals of the OPA and is fair, reasonable, and in the public interest, with particular consideration of the adequacy of the settlement to restore, replace, rehabilitate or acquire the equivalent of the injured natural resources and services.

24. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the Parties.  The Court finds that

there is no reason for delay and therefore enters this judgment as a final judgment under Rules 54 and 58 of the Federal Rules of Civil Procedure.

                                                 Hon. Kevin R. Sweazea
                                                 United States Magistrate Judge,
                                                 Presiding by Consent
                                                 District of New Mexico

THE UNDERSIGNED PARTIES enter into this Consent Decree in New Mexico Natural Resources Trustee et al. v. Fronk Oil Co., Inc.:

**FOR THE PLAINTIFFS**:

Date: _____             _____
                                                    Maggie Hart Stebbins
                                                    Trustee
                                                    New Mexico Office of Natural
                                                    Resources Trustee
                                                    121 Tijeras Avenue, NE Suite 1000
                                                    Albuquerque, NM 87102


Date: _____             _____
                                                    William Grantham
                                                    Assistant Attorney General
                                                    New Mexico Office of the Attorney
                                                    General
                                                    201 Third St. NW, Suite 300
                                                    Albuquerque, NM 87102
                                                    Telephone: (505) 717-3520
                                                    E-Mail: wgrantham@nmag.gov
                                                    *Counsel to Plaintiffs*

THE UNDERSIGNED PARTIES enter into this Consent Decree in New Mexico Natural Resources Trustee et al. v. Fronk Oil Company, Inc.

**FRONK OIL CO, Inc.**

Date: _____        _____
                           Keith Fronk
                           Fronk Oil Co., Inc.
                           P.O. Box F
                           14950 Hwy 23
                           Booker, Texas 79005
                           (806) 458 4545

Date: _____        _____
                           Jerry D. Worsham II
                           Cavanagh Law Firm
                           1850 N. Central Ave. Ste. 2400
                           Phoenix, Arizona 85004
                           (602) 322-4040